[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13159
Non-Argument Calendar

_____

Agency Nos. A78-610-751
A97-197-105

HAMLET LLUKAJ,
TEUTA LLUKA,
SHERON LLUKA,
TELMAH LLUKA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 19, 2009)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Lead petitioner, Hamlet Llukaj ("Llukaj"), his wife Teuta Lluka ("Teuta"), and their children Sheron Lluka and Telmah Lluka (collectively "Petitioners"), seek review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order finding them removeable and denying their applications for asylum, 8 U.S.C. § 1158. The BIA and IJ found that, although credible, Petitioners did not meet their burden for asylum because they did not prove that they had suffered past persecution or establish a well-founded fear of future persecution in Albania.

On petition for review, Petitioners did not raise the issues of the BIA's and IJ's denial of: (1) withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231, or (2) relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). Accordingly, Petitioners have abandoned those issues on appeal, and we will not review the BIA's denial of withholding of removal under the INA or CAT. See Sepulveda v. U.S. Atty. Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent that the BIA adopts the IJ's reasoning, we review both the IJ's and BIA's decisions. Id. Here, the BIA

2

expressly adopted the IJ's legal conclusions and rationale for denying asylum. As a result, we review the IJ's analysis for denial of asylum.

The IJ's factual determination that a removeable alien is not entitled to asylum "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Atty. Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). Substantial evidence is a "highly deferential test," and we affirm if the decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Atty. Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation omitted).

This record supports the IJ's determination. Llukaj was a native and citizen of Albania claiming that, as a result of their political views, the brakes on his car had been sabotaged and his father had been poisoned resulting in his death while driving his car. However, as the IJ noted, "he conceded on direct examination that he did not know who tampered with his brakes and he did not have any specific information as to why they tampered with his brakes." The IJ also noted that Llukaj did not provide any evidence that his father "was poisoned by the socialists and that the accident was caused by the socialists in their effort to kill" his father. Llukaj only indicated that "'some witnesses' saw his father's coffee being poisoned and that some witnesses saw his father slumped over in the car upon the accident that was allegedly caused by the socialists." We cannot say that the IJ erred in concluding that Llukaj's testimony was "highly speculative" and that

3

although Llukaj "probably was involved in some political activity in Albania" that "there was nothing so significant about [Llukaj's] conduct that would lead one to want to persecute him on account of" one of the five statutory grounds. The IJ also noted that Llukaj's mother, two sisters, and nephew or nieces currently reside in Albania and have not been subjected to any problems on account of one of the five statutory grounds. The IJ emphasized that Llukaj's wife had worked for the Albanian government and that one of their children had received an education in Albania. The IJ concluded that even accepting that Llukaj "may have had run ins in Albania because of his political election activity, the sum total of all of the harm" did not constitute past persecution.

Upon review of the record and the parties' briefs, we conclude that substantial evidence supports the BIA's and IJ's finding that Petitioners did not suffer past persecution or a well-founded fear of future persecution. Thus, Petitioners fail to establish a claim of asylum. Accordingly, we deny the petition for review.

**PETITION DENIED.**